[Cite as *State ex rel. Timothy v. Gallagher*, 2026-Ohio-2549.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL. AARON TIMOTHY,     :

    Relator,     :     No. 116362

    v.     :

KELLY ANN GALLAGHER,     :

    Respondent.     :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** June 26, 2026

---

Writ of Procedendo
Motion No. 594724
Order No. 596436

---

### *Appearances:*

Aaron Timothy, *pro se*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Bridget E. Dever, Assistant Prosecuting Attorney, *for respondent*.

ANITA LASTER MAYS, J.:

{¶ 1} Aaron Timothy, the relator, has filed a complaint for procedendo through which he seeks an order from this court that requires Judge Kelly Ann Gallagher, the respondent, to render rulings with regard to a second successive

petition for postconviction relief and a motion to withdraw guilty plea, both filed in *State v. Timothy*, Cuyahoga C.P. No. CR-23-677697-A. Judge Gallagher has filed a motion to dismiss that is granted because the complaint for procedendo is moot and Timothy has failed to comply with R.C. 2969.25(A) and (C).

{¶ 2} Attached to the motion to dismiss the complaint for procedendo is a copy of a judgment entry, journalized April 23, 2026, which demonstrates Judge Gallagher has issued a ruling with regard to Timothy's successive petition for postconviction relief. In addition, a review of the criminal docket maintained in CR- 23-677697-A demonstrates that Judge Gallagher has issued a ruling, journalized November 14, 2025, with regard to Timothy's motion to withdraw guilty plea. Relief is unwarranted because the request for a writ of procedendo is moot and procedendo will not compel the performance of a duty that has already been performed. *State ex rel. Ames v. Pokorny*, 2021-Ohio-2070, ¶ 7; *Thompson v. Donnelly*, 2018-Ohio-4073, ¶ 5; *State ex rel. S.Y.C. v. Floyd*, 2020-Ohio-5189, ¶ 9 (8th Dist.).

{¶ 3} Finally, we find that Timothy's complaint for a writ of procedendo fails to comply with R.C. 2969.25(A) and (C). Specifically, Timothy failed to file an affidavit of prior civil actions as required by R.C. 2969.25(A). In addition, Timothy has failed to provide a certified copy of the institutional cashier's statement, where he is incarcerated, setting forth the balance in his inmate account as required by R.C. 2969.25(C). The requirements of R.C. 2969.25 are mandatory, and the failure to provide this court with an affidavit of prior civil actions and a certified institutional

cashier's statement requires dismissal of Timothy's complaint for procedendo. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258, 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 422 (1998). The failure to comply with R.C. 2969.25(A) and (C) cannot be cured by amendment or later filings. *State ex rel. Watkins v. Andrews*, 2015-Ohio-1100, ¶ 8; *Fuqua v. Williams*, 2003-Ohio-5533, ¶ 9.

{¶ 4} Accordingly, we grant Judge Gallagher's motion to dismiss. Costs waived. The court directs the clerk of courts to serve all parties with notice of this judgment and date of entry upon the journal as required by Civ.R. 58(B).

{¶ 5} Complaint dismissed.

_____
ANITA LASTER MAYS, JUDGE

EILEEN T. GALLAGHER, P.J., and
EMANUELLA D. GROVES, J., CONCUR